UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| St. Jude Medical, Puerto Rico, B.V., and DAIG Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Vascular Solutions, Inc.,<br><br>Defendant. | Civil Action No. 00–1587 RHK/JMM<br><br>**PROTECTIVE ORDER** |

It appearing that the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED AS FOLLOWS:

DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or described in documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, depositions, transcripts of trial testimony and depositions, and any information derived therefrom deemed by any party to be confidential information belonging to it pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. The term "Documents" shall include but not be limited to correspondence, memoranda, bulletins, blueprints, specifications, patent applications, applications to the United States Food and Drug Administration, customer lists, or other matter identifying customers or potential customers, price lists or schedules or other matters identifying pricing, minutes,



FILED JUL 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, video tapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), reports, data, instructions, disclosures, models, prototypes, and other writings.

3. The term "Counsel" shall mean outside counsel of record, identified below:

Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
1300 I Street, NW, Suite 700
Washington, D.C. 20005–3315

Lyon & Lyon LLP1900 Main Street,
6th Floor
Irvine, California 92614

Leonard, Street & Deinard, P.A.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Briol & Associates
3905 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

GENERAL RULES

4. It is expressly contemplated and agreed that third parties may invoke all provisions of this Protective Order which are available to a producing party, and that the parties will treat all "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" material of a third party, which information is designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY", in accordance with the terms of this Protective Order.

5. Each party or third party to this litigation who produces or discloses any documents, things, interrogatory answers, responses to requests for admissions, deposition or trial testimony, or other information which the producing party wishes to be subject to this Protective Order may designate and shall mark the same as "CONFIDENTIAL" or

"CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Information designated as "CONFIDENTIAL" will be limited to information which the producing party reasonably believes to be non-public, proprietary or confidential information pursuant to Rule 26(c). Information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" will be further limited to information which the producing party in good faith believes to comprise its most sensitive trade secrets or other confidential research, development, financial, or other commercial information.

6. All Confidential Information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein, counsel to Datascope, and designated expert witnesses of VSI and Datascope provided the material bear a like designation of confidentiality under the stipulated protective order in the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN), and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, and in connection with the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN), unless and until such designation is removed either by agreement of Counsel for the parties or by order of the Court.

7. Information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be viewed by the receiving party only by such party's Counsel (as defined in paragraph 3) including its paralegals, clerks, support staff and clerical personnel, and by independent experts including stenographic and clerical employees associated with such independent experts, and by counsel to Datascope, and designated expert witnesses of VSI and Datascope provided the material bear a like designation of confidentiality under the stipulated protective order in the case

of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN). Independent experts shall be defined to include only persons who are not current employees of a party, and who have been requested by Counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action, but grounds for objecting to an independent expert receiving information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall not be limited by the above definition. However, the right of independent experts to receive information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY' shall be subject to the advance approval of such expert by the producing party or permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name of the proposed independent expert and with his or her curriculum vitae, as well as an executed copy of the form attached hereto as Exhibit-A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within five (5) business days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the five (5) business day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld. If an objection to disclosure of CONFIDENTIAL material to an independent expert is made, disclosure will not then be made to such independent consultant until the objection is resolved through a Court order, or a subsequent waiver. Within five (5) days after service of said objection, counsel for the objecting party may move the Court for an order denying disclosure of any CONFIDENTIAL material to the independent consultant as to which a notice of objection has been served; in such event, such

disclosure shall not be permitted until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion shall operate as a waiver of said objection.

8. Information designated "CONFIDENTIAL" shall be viewed by the receiving party only by such party's Counsel (as defined in paragraph 3), including their paralegals, clerks, support staff, and clerical personnel (and by counsel to Datascope, and designated expert witnesses of VSI and Datascope provided the material bear a like designation of confidentiality under the stipulated protective order in the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN)), and by the additional individuals listed below, provided each such individual has read this Protective Order (or the stipulated protective order in the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN)) in advance of disclosure and has agreed, in writing, by executing a copy of the form attached hereto as Exhibit A, to be bound by its terms:

(a) Executives of a receiving party who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the receiving party who need to be consulted by Counsel, in the discretion of such Counsel, in preparation for trial of this action;

(c) Independent experts who have been approved pursuant to paragraph 8 above; and

(d) Stenographic and clerical employees associated with the individuals enumerated above.

9. With respect to documents designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," any person indicated on the face of the

document to be its originator, author or a recipient of a copy thereof at or about the time such document was prepared may be shown the same.

10. The restrictions set forth in this Order shall not be construed:

(a) To preclude any party or its attorneys of record from making lawful use of information which was lawfully in their possession without restrictions prior to the receipt of information under this Protective Order; or

(b) To apply to information lawfully obtained by a party from any non-party to this action having the right to disclose such information; or

(c) To apply to information that has been or becomes part of the public domain by publication, a declaration under law, or otherwise, and not due to any unauthorized act or omission on the part of a receiving party.

11. The producing party has the burden to show the required good cause under Rule 26(c) to restrict access to information by use of either "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" designations. If a party receiving an item of information designated 'CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" reasonably believes that the information has been improperly designated, either as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY," the receiving party must provide an objection in a reasonable manner to the producing party, specifying the documents, information or other things whose designation is objected to, and the basis for the objection. The objection may be initially oral but must be confirmed in writing. For documents that originated at Datascope, the objection may be made to counsel for Datascope under the stipulated protective order in the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN), without notice to St. Jude–Daig. For documents that originated at St.

Jude–Daig or its predecessors in interest to the patents–in–suit, the objection shall be made to counsel for St. Jude–Daig. The producing party must respond to the objection within five (5) business days after delivery of the objection. If the parties cannot reach agreement regarding the objected to designations, the objecting party shall have the right to bring before the Court the question of whether any particular information is properly designated.

12. To the extent a party's outside counsel retains "CONFIDENTIAL" and "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" materials received from another party after entry of final judgment including appeals, or of dismissal in connection with this action, those documents shall be maintained in a manner consistent with the terms of this Protective Order. Accordingly, no party shall produce "CONFIDENTIAL" and "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" materials from another party to a third party (other than counsel to Datascope and designated expert witnesses in the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN) where said material will bear a like designation of confidentiality under the stipulated protective order in that case) absent prior notice to the producing party, an opportunity of the producing party to submit any objections to such production, and an order from a court of competent jurisdiction. In addition, the party producing any such materials of another party shall make reasonable efforts to ensure that any produced materials are produced in a manner at least as restrictive as this Protective Order. The parties hereto agree that the stipulated protective order in the case of Datascope Corp. v. Vascular Solutions, Inc. (Case No. 00–CV–1639 JMR/FLN) is at least as restrictive as this Protective Order. At the conclusion of the litigation any party may, at its option, destroy its own copy of any document, including Confidential Information.

13. Nothing in the foregoing provisions of this Protective Order shall affect any previous Protective Order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designated as containing Confidential Information.

DATED: July 13, 2001 By: ______________________

Scott A. Benson
BRIOL & ASSOCIATES
Attorneys for Defendant/Counter-Plaintiff
VASCULAR SOLUTIONS, INC.
John Kappos
James Geriak
LYON & LYON, LLP
Attorneys for Defendant/Counter-Plaintiff
VASCULAR SOLUTIONS, INC.

DATED: July 13, 2001 By: ______________________

Keith Moheban
Lawrence J. Field
LEONARD, STREET & DEINARD, P.A.
Attorneys for Plaintiffs/Counter-Defendants
ST. JUDE MEDICAL and DAIG
Christine Lehman
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Attorneys for Plaintiffs/Counter-Defendants
ST. JUDE MEDICAL and DAIG

**SO ORDERED.**

Dated: July 16, 2001

______________________
Honorable John M. Mason
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500